**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| KRYSTAL LATOYA ERVIN, | |
| Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and NELNET SERVICING, LLC, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KRYSTAL LATOYA ERVIN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and NELNET SERVICING, LLC (hereinafter "Nelnet") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Miami-Dade County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 3230.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

4

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    Nelnet is a corporation headquartered at 121 S. 13th Street, Suite 100 in Lincoln, Nebraska 68508 that upon information and belief conducts business in the State of Florida.

20.    Nelnet is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    Nelnet furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.    Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to her.

23.    Upon information and belief, Plaintiff has been a victim of identity theft or a mixed file for several years.

24.    In or about 2008, Plaintiff first became aware of erroneous student loans appearing in her credit file which did not belong to her.

25.     Plaintiff did not apply for or give permission to anyone to apply on her behalf for student loans. Plaintiff paid for her schooling with grants and scholarships and never took out any student loans.

26.     Plaintiff made several attempts to get the erroneous accounts removed and was successful in getting some removed.

27.     However, despite her efforts, Plaintiff started to receive collection calls and letters seeking to collect the invalid student loan debts.

28.     In early 2024, Plaintiff contacted the CRAs to dispute the following erroneous accounts which did not belong to her.

     i.    Nelnet, partial account number ending in x1659;

    ii.    Nelnet, partial account number ending in x2059;

   iii.    Nelnet, partial account number ending in x1959;

   iv.    Nelnet, partial account number ending in x1759;

    v.    Nelnet, partial account number ending in x1859; and

   vi.    Nelnet, partial account number ending in x8581.

29.     Upon review of her updated Equifax credit report, Plaintiff observed the aforementioned erroneous accounts continued to be reported, each with a comment which stated, "Consumer disputes after resolution".

30.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

31.    Equifax never attempted to contact Plaintiff during the alleged investigation.

32.    Upon information and belief, Equifax notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

33.    Upon review of her updated Experian credit report, Plaintiff observed the aforementioned erroneous accounts continued to be reported, each with a comment which stated, "Completed investigation of FCRA dispute – consumer disagrees".

34.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

35.    Experian never attempted to contact Plaintiff during the alleged investigation.

36.    Upon information and belief, Experian notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

37.     Upon review of her updated Trans Union credit report, Plaintiff observed the aforementioned erroneous accounts continued to be reported, each with the comment code "DRC", which means dispute resolved/consumer disagrees.

38.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

39.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

40.     Upon information and belief, Trans Union notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

41.     On or about July 29, 2024, Plaintiff obtained updated copies of her credit reports from the CRAs. Upon review, Plaintiff observed the following erroneous accounts continued to be reported.

  i.     Nelnet, partial account number ending in x1659, with a balance of $1,409;

  ii.    Nelnet, partial account number ending in x2059, with a balance of $5,429;

  iii.   Nelnet, partial account number ending in x1959, with a balance of $1,851;

iv.   Nelnet, partial account number ending in x1759, with a balance of $1,115;

v.   Nelnet, partial account number ending in x1859, with a balance of $1,841; and

vi.   Nelnet, partial account number ending in x8581, with a balance of $0.

42.   The aforementioned erroneous Nelnet accounts all had a status of "pays as agreed". However, Plaintiff has not made any payments to the erroneous accounts because they do not belong to her.

43.   On or about August 28, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 176762555. In this report, she explained that she was a victim of identity theft and that the aforementioned accounts listed in her credit report did not belong to her.

44.   Due to the inaccurate reporting, on or about September 18, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that the aforementioned Nelnet accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

9

45.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 2291 2405 37), Experian (9589 0710 5270 2291 2404 07), and Trans Union (9589 0710 5270 2291 2404 14).

46.     On or about October 4, 2024, Plaintiff received dispute results from Equifax which stated the following accounts were reinserted.

    i.     Nelnet, partial account number ending in x1659;

    ii.     Nelnet, partial account number ending in x2059;

    iii.     Nelnet, partial account number ending in x1959;

    iv.     Nelnet, partial account number ending in x1759; and

    v.     Nelnet, partial account number ending in x1859.

47.     On or about October 8, 2024, Plaintiff received additional dispute results from Equifax which stated Nelnet, partial account number ending in x8581, was verified as accurate

48.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

49.     Equifax never attempted to contact Plaintiff during the alleged investigation.

50.     Upon information and belief, Equifax notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

51.     Despite confirmation of delivery on September 23, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Experian. However, upon review of her updated Experian credit report on or about November 1, 2024, and November 25, 2024, Plaintiff observed Experian continued to report Nelnet, partial account number ending in x8581. To her relief, no other erroneous accounts were reported.

52.     Further, on or about December 4, 2024, Plaintiff contacted Experian via telephone and spoke to representative "Michelle" who stated the dispute results was "removed". However, upon review of an updated credit report on or about December 6, 2024, Plaintiff observed Experian continued to report Nelnet, partial account number ending in x8581.

53.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

54.     Experian never attempted to contact Plaintiff during the alleged investigation.

55.     Upon information and belief, Experian notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

56.     Despite confirmation of delivery on November 21, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Trans Union. However, upon review of her updated Trans Union credit report on November 25, 2024, Plaintiff observed all the aforementioned erroneous Nelnet accounts continued to be reported.

57.     Further, on or about December 4, 2024, Plaintiff contacted Trans Union via telephone and spoke to representative "Heidi" who stated the erroneous Nelnet accounts were removed. However, the erroneous Nelnet accounts were later reinserted by Nelnet.

58.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

59.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

60.     Upon information and belief, Trans Union notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

61.     Due to the continued inaccurate reporting, on or about December 6, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff reiterated she was a victim of identity theft and that the aforementioned Nelnet accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

62.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 5535 3164 98), Experian (9407 1112 0620 5535 3165 11), and Trans Union (9407 1112 0620 5535 3165 73).

63.     As of the filing of this Complaint, Plaintiff has not received dispute results as to her second detailed dispute letter from the CRAs.

64.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous Nelnet accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

65.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

66.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

67.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

68.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

69.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

70.    Equifax allowed for a furnisher to report numerous inaccurate and erroneous accounts to Plaintiff's credit file.

71.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

72.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

73.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

74.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

75.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

76.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

77.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

78.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

79.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

80.     Equifax allowed for a furnisher to report numerous inaccurate and erroneous accounts to Plaintiff's credit file.

81.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

82.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

83.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

84.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

85.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

87.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

89.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

90.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

91.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

92.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

94.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

95.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

96.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

97.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

98.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

99.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

102.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

103.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

104.   Experian allowed for a furnisher to report numerous inaccurate and erroneous accounts to Plaintiff's credit file.

105.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

106.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

22

107.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

108.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

109.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

112.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

113.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

114.   Experian allowed for a furnisher to report numerous inaccurate and erroneous accounts to Plaintiff's credit file.

115.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

116.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

117.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

118.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

119.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

121.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Experian Information Solutions, Inc. (Negligent)

122.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

123.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

124.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

125.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

26

126.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

128.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

130.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. §
1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after
receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable
reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable
procedures with which to filter and verify disputed information in Plaintiff's credit
file; (iv) failing to review and consider all relevant information submitted by Plaintiff
in the disputes; and (v) relying upon verification from a source it has to know is
unreliable.

131.   Despite the large amount of information and documentation produced
by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct
independent investigations into Plaintiff's disputes and simply transferred the duty
to investigate to the furnisher.

132.   Plaintiff provided Experian with the information it needed to confirm
that she was a victim of a mixed file or identity theft. Experian ignored this
information and failed to conduct a thorough investigation into her disputes or
otherwise make her credit file accurate.

133.   As a direct result of this conduct, action and/or inaction of Experian,
Plaintiff suffered damage, including without limitation, loss of the ability to benefit
from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

136.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

137.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

138.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

139.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

140.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

142.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

144.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

145.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

146.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

147.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

148.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

149.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Trans Union LLC (Negligent)**

150.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

151.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

32

152.   Trans Union allowed for a furnisher to report numerous inaccurate and erroneous accounts to Plaintiff's credit file.

153.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

154.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

155.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

156.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

157.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

158.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

159.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

160.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

161.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

162.   Trans Union allowed for a furnisher to report numerous inaccurate and erroneous accounts to Plaintiff's credit file.

163.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

34

164.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

165.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

166.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

167.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

168.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

169.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and

costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

170.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

171.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

172.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

173. Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

174. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

175. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

176. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

37

**COUNT XIV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

177.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

178.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

179.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

180.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

181.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

182.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

183.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

184.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

39

185.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

186.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

187.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

188.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

189.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

190.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XVI**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Trans Union LLC (Willful)**

191.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

192.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

193.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

194.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

195.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

196.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

197.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Nelnet Servicing, LLC (Negligent)

198.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

199.   Nelnet furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

200.    After receiving Plaintiff's disputes, Nelnet violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

201.    Plaintiff provided all the relevant information and documents necessary for Nelnet to have identified that the accounts were erroneous.

202.    Nelnet did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Nelnet by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

203.    Nelnet violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

204.   As a direct result of this conduct, action, and/or inaction of Nelnet, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

205.   The conduct, action, and inaction of Nelnet was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

206.   Plaintiff is entitled to recover costs and attorney's fees from Nelnet in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual damages against Defendant, NELNET SERVICING, LLC; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVIII
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Nelnet Servicing, LLC (Willful)**

207.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-seven (67) above as if fully stated herein.

208.   Nelnet furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

209.   After receiving Plaintiff's disputes, Nelnet violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

210.   Plaintiff provided all the relevant information and documents necessary for Nelnet to have identified that the accounts were erroneous.

211.   Nelnet did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Nelnet by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

212.   Nelnet violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

213.   As a direct result of this conduct, action, and/or inaction of Nelnet, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

214.   The conduct, action, and inaction of Nelnet was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

215.   Plaintiff is entitled to recover costs and attorney's fees from Nelnet in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, NELNET SERVICING, LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KRYSTAL LATOYA ERVIN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and NELNET SERVICING, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 9th day of December 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*

47

Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*